**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

TONY JORDAN,                      :

                Petitioner,     :

     -against-                   :

JAMES THOMPSON,          :

              Respondent.    :

                              :

                              :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

                           <u>MEMORANDUM DECISION</u>
                               <u>AND ORDER</u>

                       19 Civ. 03928 (GBD) (SN)

GEORGE B. DANIELS, United States District Judge:

     *Pro Se* Petitioner Tony Jordan seeks a writ of *habeas corpus*, pursuant to 28 U.S.C. § 2254, to set aside his 2014 conviction and sentence for weapons possession. (Compl., ECF No. 1, at 9.) Before this Court is Magistrate Judge Sarah Netburn's June 1, 2021 Report and Recommendation (the "Report") recommending that Petitioner's petition be denied. (Report, ECF No. 23.). In her Report, Magistrate Judge Netburn advised the parties that they had fourteen days to timely file objections. (Report at 27.) However, the Report was not timely served on Petitioner. (Order, ECF No. 24.) On October 1, 2021, Magistrate Judge Netburn ordered that the Report be mailed to the Petitioner and granted Petitioner an additional 14 days to file objections. No objections were filed. After reviewing the Report for clear error, Petitioner's federal *habeas corpus* petition is DENIED.

## I.    BACKGROUND

     The Report fully provided the relevant facts. Below is a concise summary needed to adopt the Report in full.

     On January 22, 2012, Petitioner and two other men were passengers in a livery cab. (Report at 2.) Due to the its erratic driving, Officer Sepulveda stopped the cab and the taxi driver consented

to a search of the vehicle. (*Id.* at 3.) In the car, the Officer discovered a bag containing two handguns, the Petitioner's birth certificate, and papers relating to his release from prison. (*Id.*) All three passengers were arrested and charged with weapons possession. (*Id.*)

Before trial, the trial court held "a suppression hearing to determine whether evidence was obtained in violation of Petitioner's Fourth Amendment rights." (Report at 2.) After hearing testimony from Officer Sepulveda and "[c]considering the time of night, the livery driver's erratic driving, and the fact that there was a shooting in the area half an hour earlier," the trial court found that there were no Fourth Amendment violations. (*Id.* at 4.) At trial, the prosecution introduced information stating that the "DNA recovered from the guns matched or was consistent with Petitioner's DNA." (*Id.* at 6.) A witness testified that the bag containing the gun belonged to the Petitioner. (*Id.* at 4.) A jury at trial convicted the Petitioner of "two counts of criminal possession of a weapon in the second degree and one count of criminal possession of a weapon in the third degree." (Report at 7.). Petitioner was sentenced to seven years in prison. (*Id.*)

In November 2016, the Petitioner moved the trial court *pro se* to vacate the judgment, pursuant to New York Criminal Procedure Law ("C.P.L.") § 440.10, for several reasons, "including ineffective assistance of counsel." (Report at 8.) The trial court denied Petitioner's motion and he has not sought leave to appeal. *See* (*Id.*) Petitioner also filed a direct appeal. *Id.* On January 2, 2018 the Appellate Division affirmed the conviction. *Id.* at 0234, 0321, 0328-85. On February 15, 2019, Petitioner filed this immediate petition for a writ of habeas corpus, which "largely mirror[s]…his [direct appeal] brief." (Report at 9.)

## II.   LEGAL STANDARD

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C).

Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citation omitted).   The clear error standard also applies if a party's "objections are improper—because they are 'conclusory,' 'general,' or 'simply rehash or reiterate the original briefs to the magistrate judge.'" *Stone v. Comm'r of Soc. Sec.*, No. 17 Civ. 569 (RJS), 2018 WL 1581993, at *3 (S.D.N.Y. Mar. 27, 2018) (citation omitted).   Clear error is present when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

### III.   PLAINTIFF'S MOTION FOR A WRIT OF *HABEAS CORPUS* IS DENIED.

Petitioner challenges his conviction and sentence on grounds that: (1) "his conviction was based on legally insufficient evidence;"[1] (2) "the prosecutor made improper statements during trial; (3) the trial court improperly denied Petitioner the right to represent himself; and (4) the counsel was constitutionally ineffective." (Report at 1, 10-11.) Magistrate Judge Netburn did not err in recommending that the petition be denied.

First, Petitioner's claim regarding the insufficiency of the evidence is unexhausted. (Report at 11.)  As the Report correctly states, "State remedies are deemed exhausted when…[a] petitioner [has] present[ed] his [federal] claim 'in terms that are likely to alert the [state] court to the claim's federal nature.'" (*Id.* (citing *Carvajal v. Artus*, 633 F.3d 95, 104 (2d Cir. 2011)).) Magistrate Judge Netburn did not err in construing the complaint liberally for this Court's review. She also correctly found that "Petitioner's presentation of his claim to the Appellate Division was not likely to alert the court to the federal nature of the claim." (*Id.*)  In addition, in considering the

---

[1]While Petitioner states that he is challenging his conviction on grounds that "the verdict was against the weight of the evidence."  Magistrate Judge Netburn did not err in construing Petitioner's claim liberally and making it cognizable habeas claim.  (Report at 11.)

witness testimony of Officer Sepulveda's, the DNA evidence, and other factual and legal considerations, there was no error in finding that on the merits his conviction was based on legally sufficient evidence. (*Id*. at 12.)

Second, Magistrate Judge Netburn did not commit clear error in finding that there was no prosecutorial misconduct. The Appellate Division ruled that Petitioner had failed to preserve his prosecutorial misconduct claims based on independent state law grounds.   As the Report states, "A federal habeas court will not review a question of federal law decided by a state court if that court's decision rested on a state law ground that is 'independent of the federal question and adequate to support the judgment.'" (Report at 13 (citing *Coleman v. Thompson*, 501 U.S. 722, 729 (1991) (citations omitted)).)  Therefore, this claim "is barred from *habeas* review." (*Id*. at 14.) Additionally, the facts demonstrate that Petitioner's claim fails on the merits because the Appellate Division's alternative ruling was not contrary to nor an unreasonable application of Supreme court law. *See Tatum v. Lempke*, 481 F. App'x 659, 662 n.4 (2d Cir. 2012) (courts must afford AEDPA deference to the state courts' alternative holding on the merits); (Report at 14.)

Magistrate Judge Netburn also correctly found that the state trial court did not improperly deny his request to represent himself.  (Report at 18.)  "The Sixth Amendment grants a criminal defendant the right to represent himself." *Faretta v. California*, 422 U.S. 806, 819 (1975); (Report at 20.) "A defendant who chooses to defend *pro se* must assert his rights and relinquish his right to counsel "knowingly and intelligently."" *Id.* at 835; (Report at 20.) Here, the trial court allotted Petitioner time to address his complaints and reasons for why he wanted to continue as a *Pro Se* litigant. (Report at 19-20.) Because Petitioner "appeared to vaguely request himself in the context of an emotional outburst and then" never assert this request again, it was not unreasonable for the Appellate Division to find that he had abandoned his right to self-representation. *Id.*

Lastly, there was also no error in Magistrate Judge Netburn finding that Petitioner's counsel was adequate. (Report at 22.) Magistrate Judge Netburn reasonably applied state law and the federal *Strickland* two-pronged test. (*Id.* at 23-27.) Here, counsel was constitutionally adequate. He participated in pretrial hearings, made legal arguments, persuaded the court to limit the prosecution's cross examination, participated in plea negotiations, questioned prospective jurors, made cogent arguments to the jurors, and was an active and capable advocate for Petitioner. (Report at 24.) Thus, under the *Strickland* standard and state law, counsel's performance was not deficient.

## IV.   CONCLUSION

For the foregoing reasons, Petitioners motion for a writ of *habeas corpus* is DENIED. The Clerk of Court is directed to close the motions accordingly.

Dated: New York, New York
July , 2022
JUL 27 2022

SO ORDERED:

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge